FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.
★ MAY 31 2005 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

– against –

JOSE FERMIN GOMEZ-MATA,

           Defendant.
----------------------------------------------------------X

MEMORANDUM & ORDER
04-CR-786
(JBW)

WEINSTEIN, *Senior District Judge*:

    The Court of Appeals for the Second Circuit granted a motion on consent to remand for resentence.

    The Court of Appeals has advised that: "A remand, on a defendant's appeal, that authorizes a district judge to consider whether to resentence and that permits resentencing should include an opportunity for a defendant to avoid resentencing by promptly notifying the district court that resentencing will not be sought." *United States v. Crosby*, 397 F.3d 103, 118 (2d Cir. 2005).

    Pursuant to this suggestion, a motion for resentencing shall be made by defendant within thirty days of this order. Failure to so move will be considered a decision not to seek resentencing, unless just cause for delay is shown.

    The motion will be heard with counsel present in court and the incarcerated defendant present by telephone from prison. Rule 43(b)(3) of the Federal Rules of Criminal Procedure provides that a defendant's presence is not required where the "proceeding involves only a conference or hearing on a question of law." Routinely producing defendants for such *Crosby* motions to decide whether resentencing is needed could be dangerous, interfere with prison



discipline, and place a strain on marshal personnel.

If a resentence is ordered, the defendant will be produced in person in court. Sentencing without the presence of an available defendant (and, if necessary, witnesses) is not permitted. *See* FED. R. CRIM. P. 43(a)(3) ("[T]he defendant must be present at sentencing."); *Crosby*, 397 F.3d at 118 n.20 ("Determination and imposition of the new sentence will, of course, have to comply with all applicable sentencing requirements.") (citation omitted); *United States v. Arrous*, 320 F.3d 355, 359-60 (2d Cir. 2003) ("The law recognizes a distinction between a proceeding by which the district court corrects or changes a pre-existing sentence, and one where the district court re-enters a sentence . . . . In the former situation, we have held that a defendant need not be present; while in the latter, a defendant has a constitutional right to be present, because technically a new sentence is being imposed . . . . [W]e have been reluctant in the past to make exceptions to the rule that a defendant has a right to be present at sentencing, and we generally adhere to the fine line between modifying a sentence, and imposing a new sentence, however technical such distinction may be in some cases. . . . The current rule arises out of respect for a defendant's right to be present at a sentencing proceeding, to allocute, and to respond to the definitive decision of the sentencing judge.") (citations omitted).

Counsel for the defendant at the original sentence is appointed under the Civil Justice Act to represent the defendant at the post-remand hearing, and at the resentencing if it should be ordered. If defendant or counsel is not satisfied with this arrangement, the court shall be promptly notified with an indication of what other arrangement is sought and why. Counsel will be expected to submit briefs on the motion to decide whether a new sentencing is required, and also on the resentencing, should one go forward. Arrangements will be made for private

2

telephone consultations between the incarcerated defendant and counsel at the hearing.

The United States Attorney and the warden of the prison where the defendant is incarcerated are respectfully requested to assist counsel in consulting by telephone with the defendant before the hearing and to cooperate in making the defendant available by telephone for the hearing when requested to do so.

The motion for resentencing shall be heard on July 5, 2005 at 10:00 a.m. The parties shall decide on a briefing schedule and inform Case Coordinator Ms. June Lowe.

SO ORDERED.

Jack B. Weinstein
Senior U.S.D.J.

Dated: Brooklyn, New York
May 26, 2005